24-1079
*Bass v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:
ROBERT D. SACK,
DENNY CHIN,
BETH ROBINSON,
*Circuit Judges.*

_____

ROBERT C. BASS,

*Movant-Appellant*,

v.                                                                              No. 24-1079

UNITED STATES OF AMERICA,

*Respondent-Appellee*,

MICHAEL BERLINKA, URS FREI, ROGER
KELLER, WEGELIN & CO.,

Defendants.[*]

_____

| | |
|---|---|
| **FOR MOVANT-APPELLANT:** | ROBERT C. BASS, pro se, Brooklyn, NY. |
| **FOR APPELLEE:** | MATTHEW A. WEINBERG, Olga L. Zverovich, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders denying a petition for remission or mitigation and reconsideration are **AFFIRMED**.

In 2013, Wegelin & Co., a Swiss bank, pled guilty to tax fraud. The district court ordered Wegelin to pay millions in forfeiture and, after notice to the public, entered a final order of forfeiture.

---

[*]  The Clerk's office is directed to amend the caption as reflected above.

About a decade later, in 2023, appellant Robert Bass, representing himself, petitioned the IRS for remission or mitigation, seeking the return of $3.5 million he had allegedly deposited at Wegelin. Remission is a process by which an interested party asks the relevant agency for the return of forfeited property. Pursuant to 18 U.S.C. § 981(d), the Attorney General has the "sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding." The Department of Justice's Money Laundering and Asset Recovery Section, the component of the DOJ responsible for reviewing remission petitions, denied the petition on behalf of the Attorney General.

Representing himself, Bass then applied to the district court for judicial review of the Attorney General's determination. The government countered that the district court did not have jurisdiction to reach the merits of the Attorney General's decision to deny Bass remission, and could determine only whether the DOJ followed the applicable procedural requirements prior to forfeiting the property. The government asserted that the applicable procedural requirements were followed. The district court denied Bass's application "for

3

essentially the reasons stated in the Government's letter." *United States v. Berlinka, et al.*, No. 1:12-cr-2, Dkt. 82 at 1.

Subsequently, Bass filed a motion for reconsideration alleging that in the initial forfeiture proceeding, the government did not comply with the legal notice requirements because it never published the notice of forfeiture on its website. He based his assertion primarily on his historical internet search.

In its response, the government disagreed. It cited the affidavit it filed with the district court during the 2013 forfeiture proceeding stating that it had published the notice of forfeiture on its website continuously from January 5, 2013, until February 3, 2013. In response to Bass's argument, the government represented that expired notices are not available on its website; and, regardless, the relevant office maintains hard copies. The government attached a copy of the published notice to its submission.

The district court denied Bass's motion for reconsideration "for the reasons stated in the Government's opposition." *United States v. Berlinka, et al.*, No. 1:12-cr-2, Dkt. 87.

On appeal, Bass neither challenges the merits of the Attorney General's

4

decision denying his request for remission, nor challenges the district court's conclusion that we lack jurisdiction to review that determination. The only substantive aspect of the district court's decision that Bass challenges is its conclusion that the government complied with the applicable legal notice requirements prior to forfeiting the property.[1] We address only that question.

Under 21 U.S.C. § 853(n)(1),[2] the government must "publish notice of the [forfeiture] order and of its intent to dispose of the property in such manner as the Attorney General may direct" after the forfeiture order is entered. "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited . . . may, within thirty days of the final publication of notice . . . petition the court for a hearing to adjudicate the validity of his alleged

---

[1] Bass also raises several issues regarding the district court's management of the case. First, Bass argues that the district court improperly denied him the opportunity to file a reply brief. The district court's individual rules do not permit reply briefs as of right. The rule that Bass relies on concerns summations during a civil trial. *See* The Individual Rules of Practice—Hon. Jed. S. Rakoff, R. 11. Second, Bass argues that the district court did not give his motions due consideration. The fact that the district court did not independently write out reasons for denying Bass's motion, but rather adopted the government's reasoning, is not by itself sufficient evidence to conclude that the district court failed to duly consider his motions. And this court was able to effectively review the district court's decision.

[2] Criminal forfeiture is governed by the provisions of Title 18 which, in turn, provides that criminal forfeiture of property is governed by 21 U.S.C. § 853. *See* 18 U.S.C. § 982(b)(1).

interest in the property."   21 U.S.C. § 853(n)(2).

Bass contends that the government never posted the notice of forfeiture. As noted above, in support, he presented the district court with screenshots apparently reflecting the result of searches using various internet archive search tools, which, he argues, show that the notice was not published or available.

Even assuming that Bass's submissions would be admissible evidence, they do not sufficiently contradict the government's contemporaneous affidavit or its representations to the district court because his submissions do not establish that the government did not publish the notice or that its website was inaccessible to Bass at the relevant time.   Our review of the record finds no reversible error.

Accordingly, we **AFFIRM** the district court's orders denying Bass relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court